# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRIS MESTER, CDCR #C-77174,<br><br>              Plaintiff,<br>   vs.<br><br>PARAMO, Warden; KELSO, Receiver; DR. SEELEY, CEO; DR. WALKER, CME; DR. CASIAN, M.D.; DR. NEWTON, M.D.; Dr. CHOKATOS; M.D.; LACURON, R.N.; BROWN, Sergeant; HURM, Correctional Officer; DR. GHAUSI, M.D.; DR. GLAZENER, M.D.,<br><br>              Defendants. | CASE NO. 3:13-CV-0064-H (NLS)<br><br>**ORDER CERTIFYING APPEAL AS FRIVOLOUS AND REVOKING IN FORMA PAUPERIS STATUS ON APPEAL** |

On January 8, 2013, Morris Mester ("Plaintiff"), a state inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, along with a motion to proceed in forma pauperis ("IFP"). (Doc. No. 1.) On January 18, 2013, the Court granted Plaintiff's motion to proceed IFP but sua sponte dismissed his complaint, with leave to amend, for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). (Doc. No. 6 at 9-10.) Plaintiff subsequently filed a motion for reconsideration, a motion to appoint counsel, and a motion to relate back. (Doc. Nos. 12, 15, 17.) On March 8, 2013, the Court denied these motions but granted Plaintiff

an additional sixty (60) days leave to file an amended complaint. (Doc. No. 18.) Rather than file an amended complaint, Plaintiff filed a notice of appeal to the Ninth Circuit. (Doc. No. 19.)[1] On April 2, 2013, the Ninth Circuit issued a referral notice directing this Court to determine whether Plaintiff should retain his IFP status on appeal, or whether instead the appeal is frivolous or taken in bad faith. (Doc. No. 24.) For the following reasons the Court concludes that the appeal is frivolous and certifies it as not taken in good faith.

Rule 24(a)(3) of the Federal Rules of Appellate Procedure provides that a party granted leave to proceed IFP in district court, as Plaintiff was here, may continue in that status on appeal unless the district court certifies that the appeal is not taken in good faith, which in this context means that it is frivolous. See Ellis v. United States, 356 U.S. 674, 674-75 (1958). 28 U.S.C. § 1915(a)(3) similarly provides that an appeal may not be taken IFP if the trial court certifies it is not taken in good faith. For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984).

Plaintiff appeals the Court's Orders dismissing his complaint for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b) and denying his motion for reconsideration. (Doc. No. 19.) The Court dismissed Plaintiff's claims following sua sponte screening under the Prison Litigation Reform Act ("PLRA") because his allegations failed to state a claim upon which relief could be granted, and later denied reconsideration because Plaintiff identified no newly discovered evidence, clear error, or manifest injustice. (Doc. Nos. 6, 18.)

As the Court explained in dismissing Plaintiff's complaint, Plaintiff has not adequately alleged any constitutional violations sufficient to establish liability under

---

[1] On April 2, 2013, Plaintiff filed a "declaration" seeking additional time to file documents relating to his appeal. (Doc. No. 26.) The Court advises Plaintiff that he should file his "declaration" and any other documents relating to his appeal with the Ninth Circuit Court of Appeals, rather than this Court.

42 U.S.C. § 1983.  Plaintiff's claim that he should not have been denied "single cell" status does not raise constitutional concerns and is moot.  See Olim v. Wakinekona, 461 U.S. 238, 244-50 (1983); Meachum v. Fano, 427 U.S. 215, 224 (1976); Moody v. Daggett, 429 U.S. 78, 87 n.9 (1976).  Plaintiff's allegations concerning the absence of a bath mat and his disagreements with his treating physicians do not rise to the level of Eighth Amendment violations.  See Osolinski v. Kane, 92 F.3d 934, 938-39 (9th Cir. 1996) (finding that prisoner's injury due to faulty oven door was not sufficient to state an Eighth Amendment cruel and unusual punishment claim because Plaintiff did not plead any "exacerbating conditions" which rendered him unable to "provide for [his] own safety," i.e., that prison officials precluded him from avoiding the faulty oven door or rendered him unable to perceive its defective condition); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989) (stating difference of opinion between prisoner and doctor does not amount to deliberate indifference necessary for § 1983 liability).  Moreover, Plaintiff has not adequately pled a basis for holding Defendants Paramo, Kelso and Seeley liable in their supervisory capacity as the complaint set forth no specific factual allegations regarding those defendants.  The Court concludes that Plaintiff has no arguable basis in law or fact to appeal the Court's Orders.  Plaintiff's appeal is therefore frivolous.

      Moreover, the Court granted Plaintiff leave to file an amended complaint to cure the noted deficiencies, and granted Plaintiff an additional 60 days to do so following the Court's March 7, 2013 Order.  (Doc. Nos. 6, 18.)  There was therefore no final judgment for Plaintiff to appeal.  See WMX Tech., Inc. v. Miller, 104 F.3d 1133, 1135-37 (9th Cir.1997) (en banc) (holding a district court's dismissal that expressly grants leave to amend is not final, and a final judgment must be obtained before such a case becomes appealable).  The exception allowing a premature notice of appeal to be treated as timely filed under Fed. R. App. P. 4(a)(2) does not apply.  See Serine v. Peterson, 989 F.2d 371, 372 (9th Cir. 1993) (order) ( "Rule 4(a)(2) permits a notice of appeal from a nonfinal decision to operate as a notice of appeal from the final judgment

only when a district court announces a decision that would be appealable if immediately followed by the entry of judgment."). Plaintiff still has several weeks to file an amended complaint within the time granted by the Court. Plaintiff's appeal is therefore frivolous on the additional ground that the case is not yet appealable. See WMX Tech, 104 F.3d at 1135-37.

## Conclusion

The Court certifies the appeal as frivolous and not taken in good faith. The Court therefore revokes Plaintiff's IFP status for the purposes of his appeal. The Court directs the Clerk to notify Plaintiff and the Ninth Circuit of this Order. See Fed. R. App. P. 24(a)(4).

**IT IS SO ORDERED.**

DATED: April 8, 2013

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT